## In the Matter of Aaron Maurice SMITH.

### No. 749 Disciplinary No. 3.

Supreme Court of Pennsylvania.

July 17, 2002.

### *O R D E R*

PER CURIAM:

AND NOW, this 17th day of July, 2002, Aaron Maurice Smith having been dis-

---

1. Although the majority does not reach the question, *see* Majority at ——, I believe that the proposed merger will involve the "disposition of" stock. The phrase "dispose of" is defined as "1. to deal with conclusively; settle; 2. to give away or sell; 3. to get rid of; throw away." Webster's New World Dictionary, 407 (1986). Under the terms of the Agreement of Merger, each share of the company issued and outstanding at the time of the merger shall be converted into the right to receive cash. *See* Agreement of Merger § 2.29(c). In other words, each shareholder will effectively "give away" or "get rid of" his interest in his shares in exchange for the right to receive a cash payment.

2. Indeed, the intent of the majority shareholders to dispose of their stock undoubtedly arose prior to the October 3 vote, *i.e.*, at the June 13, 1998 shareholders meeting where the majority shareholders voted to pursue divestiture exclusively with Booth Creek.

barred by consent from the practice of law in the State of New Jersey by Order of the Supreme Court of New Jersey dated February 26, 2002; the said Aaron Maurice Smith having been directed on May 20, 2002, to inform this Court of any claim he has that the imposition of the identical or comparable discipline in this Commonwealth would be unwarranted and the reasons therefor; and no response having been filed, it is

ORDERED that Aaron Maurice Smith is disbarred from the practice of law in this Commonwealth, and he shall comply with all the provisions of Rule 217, Pa. R.D.E.